**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

|  |  |
|---|---|
| Oacyr Gava Junior,<br><br>    Petitioner,<br><br>v.<br><br>Pamela Bondi, Attorney General, United States Department of Justice, et al.[1],<br><br>    Respondents. | Case No. 5:26-cv-02260-FB |

**PETITIONER'S MOTION TO ENFORCE HABEAS ORDER AND COMPEL IMMEDIATE RELEASE, OR IN THE ALTERNATIVE, FOR A PROMPT DUE-PROCESS BOND HEARING AND ORDER TO SHOW CAUSE**

Petitioner, Oacyr Gava Junior, by and through undersigned counsel, respectfully moves the Court to enforce its April 29, 2026 Order Granting Writ of Habeas Corpus ("April 29 Order") (ECF No. 9). Mr. Gava Junior seeks (1) his immediate release from immigration detention, or (2) in the alternative, a constitutionally adequate bond hearing within 72 hours, with the burden placed on Respondents to justify continued detention by clear and convincing evidence. Petitioner further requests that Respondents be ordered to show cause why they should not be

---

[1] In April 2026, Respondent Pamela Bondi was replaced by Todd Blanche. Tyler Pager and Glenn Thrush, *Trump Fires Pam Bondi as Attorney General*, N.Y. Times (April 2, 2026), https://www.nytimes.com/2026/04/02/us/politics/trump-fires-bondi-attorney-general.html. In March 2026, Respondent Kristi Noem was replaced by Markwayne Mullin. Michael C. Bender, et al., *Trump Ousts Noem as Homeland Security Secretary*, N.Y. Times (March 5, 2026), https://www.nytimes.com/live/2026/03/05/us/trump-news. In May 2026, David Venturella replaced Respondent Todd Lyons. Hamed Aleaziz and Tyler Pager, *Trump Administration to Tap Longtime ICE Official to Lead Agency*, N.Y. Times (May 12, 2026), https://www.nytimes.com/2026/05/12/us/politics/ice-david-venturella-trump.html.

1

held in contempt or subject to further enforcement relief for re-detaining him without providing the due-process bond hearing required by this Court's Order.

This case should have ended with Mr. Gava Junior's release. This Court granted Mr. Gava Junior's habeas corpus petition, ordered his immediate release, and made it clear that "[i]n the event that Respondents seek to re-detain Petitioner at a future date, they must, at a minimum, afford him a bond hearing that accords with the requirements of due process." ECF No. 9 at 21.

After Mr. Gava Junior was released pursuant to this Court's Order, he promptly appeared in Florida's Lee County Court to resolve a bench warrant that had been issued only because he failed to appear at a hearing because he was in Immigration and Customs Enforcement ("ICE") custody in Texas. The Florida court quickly ordered him released on his own recognizance, with a promise to appear at his next hearing. Ex. A, Order on Motion to Set Aside Bench Warrant/Capias. Instead of being released, Mr. Gava Junior was transferred back into ICE custody, where he remains today without the required bond hearing. After over twenty days later, Respondents still have not provided Mr. Gava Junior with a bond hearing, as ordered by this court.

Respondents' violation of the Court's Order should not be allowed to continue. This motion does not ask the Court to adjudicate Mr. Gava Junior's traffic case, supervise state criminal proceedings, or reweigh an immigration bond decision. This motion simply asks that the Court enforce its own habeas corpus judgment. Immediate release restores the liberty protected by this Court's habeas judgment. If this Court does not order release on the present record, it should instead order the prompt bond hearing Respondents were required to provide and require Respondents to offer an explanation as to why their noncompliance does not warrant contempt or further enforcement relief.

**CONFERRAL**

Pursuant to Local Rule CV-7(g), undersigned counsel conferred with counsel for Respondents via email on July 16, 2026. Respondents oppose this motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Mr. Gava Junior is a resident of Florida and a citizen of Brazil. He is currently detained by Immigration and Customs Enforcement at Golden State Annex in McFarland, California. *See* Online Detainee Locator System, https://locator.ice.gov/odls/#/results (last visited July 16, 2026).

On October 17, 2025, Mr. Gava Junior was pulled over by local police. He was detained and later transferred to ICE custody. ICE eventually transferred him to a detention facility in Texas. ECF No. 1 at 6.

While Mr. Gava Junior was detained by ICE in Texas, he was scheduled to appear in Lee County Court in Florida on January 28, 2026, in connection with the traffic matter. Because Mr. Gava Junior was still in ICE custody in Texas, he could not appear in court in Florida. The Lee County Court issued a bench warrant for his failure to appear. Exhibit A.

On March 22, 2026, Mr. Gava Junior filed a petition for writ of Habeas Corpus in this Court challenging his immigration detention. ECF No. 1. On April 29, 2026, this Court granted the petition and ordered Mr. Gava Junior's immediate release. ECF No. 9. The Court further ordered that, "in the event that Respondents seek to re-detain Petitioner at a future date, however, they must, at a minimum afford him a bond hearing that accords with the requirements of due process." ECF No. 9 at 21. Mr. Gava Junior was released from ICE custody on or about May 5, 2026. His son purchased a flight for him to return to Florida and after over six months of unlawful detention, Mr. Gava Junior was finally reunited with his family on or about May 6, 2026.

3

On or about June 18, 2026, Mr. Gava Junior appeared in Lee County Court in Florida in connection with the outstanding bench warrant and was taken into custody. On or about June 22, 2026, the Honorable Devin S. George ordered Mr. Gava Junior released on his own recognizance, with a promise to appear at his next hearing. Ex. A. That order did not impose monetary bond, order continued detention or find that Mr. Gava Junior was dangerous or unlikely to appear. *Id.*

Despite Mr. Gava Junior's conscientious efforts to comply with all court orders and procedures, he was not released. Instead, on or about June 22, 2026, he was transferred from state custody back to ICE custody. As of this filing, more than three weeks have passed since Respondents re-detained Mr. Gava Junior. Undersigned counsel has made several phone calls and emails to different ERO and OPLA Offices to notify them of this Court's Order granting Mr. Gava Junior's Writ of Habeas Corpus, Mr. Gava Junior remains in custody. He has not been released or received the bond hearing required by this Court's April 29 Order.

## LEGAL STANDARD AND AUTHORITY

This Court has authority to enforce its Order Granting Writ of Habeas Corpus and to fashion relief that gives that order practical effect. The All Writs Act authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651(a). Section 2243 similarly directs habeas courts to "dispose of the matter as law and justice require." 28 U.S.C. § 2243. Courts have recognized that, when a habeas petitioner moves to enforce a prior habeas order, the court must determine whether the detaining authority "complied with the remedy designed by the district court in the underlying habeas proceedings," and whether noncompliance entitles the petitioner to release. *Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020); *see also Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006) ("A federal district court

4

retains jurisdiction to determine whether a party has complied with the terms of a conditional order in a habeas case."); *Diaz Ortiz v. Smith*, 384 F.Supp.3d 140, 142–43 (D. Mass. 2019) (considering motion to enforce conditional habeas writ in immigration detention context). Where custody is unlawful, release is the ordinary habeas remedy. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release."); *see also Fay v. Noia*, 372 U.S. 391, 401–02 (1963) ("[I]f the imprisonment cannot be shown to conform with the fundamental requirements of law, the individual is entitled to his immediate release."), overruled in part on other grounds by *Wainwright v. Sykes*, 433 U.S. 72 (1977).

The Immigration and Nationality Act does not deprive this Court of jurisdiction to enforce its own habeas order. Section 1226(e) bars review of discretionary custody determinations; it does not bar review of constitutional claims, questions of law, or compliance with court-ordered process. *Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (finding that § 1226(e) does not bar habeas review where the petitioner challenged the statutory framework authorizing detention without bail); *Jennings v. Rodriguez*, 583 U.S. 281, 295–96 (2018) (distinguishing review of discretionary judgments from review of legal challenges); *Hernandez-Fernandez v. Lyons*, No. 5:25-CV-773-JKP, 2025 WL 2976923, at *2 (W.D. Tex. Oct. 21, 2025) (rejecting jurisdictional arguments under §§ 1252(g), 1252(a)(5), 1252(b)(9), and 1226(e)); *Mendoza v. Noem*, 823 F.Supp.3d 636, 643 (W.D. Tex. 2026) ("Jurisdiction does not preclude review of the habeas claims raised in this case.") This motion presents an even narrower question: whether Respondents complied with this Court's release order.

Due process protects noncitizens within the United States from unlawful detention. *Zadvydas v. Davis*, 533 U.S. 678, 690, 693 (2001) ("Freedom from imprisonment—from

government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process] Clause protects," and that Clause "applies to all persons in the United States, including aliens"); *Reno v. Flores*, 507 U.S. 292, 306 (1993) ("[T]he Fifth Amendment entitles aliens to due process of law in [removal] proceedings."); *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950) (holding that due process requires that deprivation of liberty be "preceded by notice and opportunity for hearing appropriate to the nature of the case"); *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976) (setting forth procedural due-process balancing factors).

When a noncitizen has been released into the community and later re-detained, the Western District of Texas has recognized that the prior release and the absence of any individualized custody determination are significant to the due-process analysis. *Mendoza*, 823 F.Supp.3d at 650 (explaining that "whether the Government has previously released an individual into the community and later seeks to re-detain that person" bears on the process due); *Camargo-Barreto v. Bondi*, No. 5:26-CV-0659-JKP, 2026 WL 1008544, at *5 (W.D. Tex. Apr. 2, 2026) (quoting *Cruz-Reyes v. Bondi*, 818 F.Supp.3d 875 (S.D. Tex. Feb. 3, 2026) and stating that prior release reflects a determination that the person is neither a flight risk nor a danger, creating "a very high risk of erroneous deprivation of liberty absent an individualized custody determination"); *Aliaga Zamora v. Bondi*, No. SA-26-CA-00447-XR, 2026 WL 693054, at *13 (W.D. Tex. Mar. 10, 2026) ("Without an individualized hearing, there is substantial risk that noncitizens with a substantial presence in the United States who pose neither flight risk nor danger to the community will be detained.")

If the Court does not order immediate release, it may enforce its prior order by requiring a prompt, constitutionally adequate bond hearing. Courts ordering such hearings have required

the Government to justify continued detention by clear and convincing evidence. *Hernandez-Fernandez*, 2025 WL 2976923, at \*11 (ordering release from custody or a bond hearing "at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk," continued detention); *Lopez-Arevelo v. Ripa*, 801 F.Supp.3d 668, 688 (W.D. Tex. 2025) (ordering bond hearing before an Immigration Judge with the Government bearing the burden); *Velasco Lopez v. Decker*, 978 F.3d 842, 855–57 (2d Cir. 2020) (same); *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 213–14 (3d Cir. 2020) (same).

The Court may also order Respondents to show cause why contempt or further enforcement relief should not issue. Civil contempt requires clear and convincing evidence "(1) that a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order." *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 291 (5th Cir. 2002); *see also Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992); *Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987). Petitioner does not seek contempt sanctions without process; he asks that Respondents be required to account for their noncompliance.

## ARGUMENT

### I.   Respondents violated this Court's Order by re-detaining Mr. Gava Junior without providing the bond hearing its prior Order required.

This Court's April 29 Order required Respondents to provide, "at a minimum," a due-process bond hearing if they sought to re-detain Mr. Gava Junior. ECF No. 9 at 21. Respondents nevertheless took him back into ICE custody after the Florida court ordered him released on his own recognizance, and they did not provide the hearing this Court required. Ex. A.

The bench warrant does not supply a lawful basis to disregard this Court's Order. The warrant arose only because Mr. Gava Junior was in ICE custody in Texas and could not attend the Florida traffic hearing prior to his release. This only apparent intervening event was therefore not evidence of danger or flight risk. Indeed, when Mr. Gava Junior later appeared in Florida court, the state court quickly resolved the custody issue by ordering him released on recognizance. Ex. A. Respondents cannot convert a failure to appear caused by federal detention into a new basis for immigration detention, especially not without providing the due process this Court required.

A close procedural analogue confirms that a motion to enforce is the proper vehicle for this violation. *Rodriguez Romero v. Ladwig*, No. 3:25-CV-1106-JWD-EWD (M.D. La. Mar. 10, 2026). In *Rodriguez Romero*, after the court granted habeas relief, the petitioner filed a motion to enforce because ICE allegedly re-detained him without the due-process protections required by the court's prior order. *Id.* at *1. The court treated the merits issue as "whether [Petitioner] was re-detained in accordance with due process," noted that he had been held in criminal custody and then ordered released by a state court judge but transferred instead, and ordered briefing on "the due process afforded [Petitioner] on his re-detention." *Id.* at *5, *7. This case confirms that re-detention without the required due process is an enforcement and compliance issue requiring prompt judicial attention. Unlike *Rodriguez Romero*, where immediate TRO relief was needed because the petitioner faced imminent removal, Mr. Gava Junior seeks enforcement through release because Respondents already violated this Court's release order and the condition it placed on re-detention.

Nor does enforcing this Order require the Court to review a discretionary immigration custody decision; no Immigration Judge has issued a new bond decision for this Court to review.

8

Section 1226(e) therefore poses no bar to relief. *See Demore*, 538 U.S. at 516–17; *Jennings*, 583 U.S. at 295–96; *Hernandez-Fernandez*, 2025 WL 2976923, at *2. And Mr. Gava Junior's current detention in California does not change the nature of the violation. Respondents remain bound by this Court's April 29 Order, and a transfer within ICE custody does not nullify the condition this Court placed on re-detention. The remedy should therefore restore the liberty protected by the April 29 Order.

## II.    Immediate release is the proper remedy.

Immediate release gives effect to the Court's April 29 habeas judgment. Mr. Gava Junior was released pursuant to that judgment, then re-detained without the minimum process the Court made a condition of future re-detention. Restoring the status quo means returning him to the liberty that Respondents were not permitted to disturb without due process.

Western District of Texas cases support such a remedy. In *Urdaneta Medina v. ICE*, the petitioner entered the United States in December 2022, was detained then released into the country, and later arrested and detained by ICE without a bond hearing. No. A-26-CA-01329-XR, 2026 WL 1538154, at *1 (W.D. Tex. June 1, 2026). The court ordered Respondents to "RELEASE Petitioner . . . under conditions no more restrictive than those in place before the detention at issue," and further ordered that, "[i]f Petitioner is re-detained, all applicable procedures must be followed, including that Petitioner be afforded a bond hearing." *Id*. The court further explained that "a post-deprivation bond hearing before a DHS officer or even an immigration judge would provide no genuine opportunity to relief because the detention without adequate pre-deprivation procedures has already been carried out." *Id.* at *14 (quoting *Rodriguez-Acurio v. Almodovar*, 811 F.Supp.3d 274, at 319–20).

9

Similarly, *Camargo-Barreto* ordered release where ICE detained a noncitizen who had been paroled into the United States years earlier, had built a life here, and had not received any individualized assessment of flight risk or dangerousness before renewed detention. 2026 WL 1008544, at *1 (W.D. Tex. Apr. 2, 2026). The court emphasized that habeas corpus relief is the remedy for unlawful executive detention and that "[t]he typical remedy for such detention is, of course, release." *Id*. at *7 (quoting *Munaf*, 553 U.S. at 693). It then directed release "under conditions no more restrictive than those in place before the detention at issue," prohibited transfer or removal under the challenged detention, and required a status report confirming release. *Id*.

*Mendoza* reached the same remedial conclusion. There, the petitioner had built a life in the United States since 2013, was detained after a traffic stop, and was held without an opportunity for bond. 823 F.Supp.3d at 642. After finding a due-process violation, the court declined to limit relief to a bond hearing and joined other courts in finding that "due process concerns weigh heavily in favor of granting immediate release." *Id.* at 652 (quoting *Cruz-Reyes*, 2026 WL 332315, at *6). The court also quoted the warning that "government agents may [not] sweep up any person they wish without consideration of dangerousness or flight risk, so long as the person will, at some unknown future date, be allowed to ask some other official for his or her release." *Id.* (quoting *Gonzalez v. Joyce*, No. 25 Civ. 8250 (AT), 2025 WL 2961626, at *5 (S.D.N.Y. Oct. 19, 2025)).

Those cases support release here with greater force. Respondents did not merely detain Mr. Gava Junior without adequate process in the first instance; they re-detained him in the face of a specific federal habeas order. Nor is there a new individualized finding supporting renewed custody. The Lee County Court ordered Mr. Gava Junior released on his own recognizance, and

10

the earlier failure to appear resulted from ICE custody, not evasion. Ex. A. If Respondents believed those facts justified renewed immigration detention, they were required to provide the due-process bond hearing this Court's April 29 Order required. The proper remedy is immediate release under conditions no more restrictive than those in effect after Mr. Gava Junior's May 2026 release.

If the Court declines to order immediate release, it should order Respondents to provide a constitutionally adequate bond hearing within 72 hours, with Respondents bearing the burden of proving by clear and convincing evidence that continued detention is necessary because Mr. Gava Junior presents a danger or flight risk. See *Hernandez-Fernandez*, 2025 WL 2976923, at *11; *Lopez-Arevelo*, 801 F. Supp. 3d at 687–88; *Velasco Lopez*, 978 F.3d at 855–57; *German Santos*, 965 F.3d at 213–14. The Court should also order Respondents to show cause why contempt or further enforcement relief should not issue, because the April 29 Order was in effect, required specific process before re-detention, and Respondents re-detained Mr. Gava Junior without providing that process. *See Lyn-Lea Travel Corp.*, 283 F.3d at 291.

**REQUESTED RELIEF**

For these reasons, Petitioner respectfully requests that the Court:

1. Grant this Motion and enforce the Court's April 29, 2026 habeas order;

2. Order Respondents to immediately release Mr. Gava Junior from ICE custody under conditions no more restrictive than those in effect after his May 2026 release;

3. Order Respondents to file a status report confirming Mr. Gava Junior's release within 24 hours of the Court's order;

4. Order Respondents to provide counsel with advance notice of the time, location, and manner of Mr. Gava Junior's release;

11

5. In the alternative, order Respondents to provide Mr. Gava Junior with a constitutionally adequate bond hearing within 72 hours, at which Respondents bear the burden of proving by clear and convincing evidence that continued detention is necessary because Mr. Gava Junior presents a danger or flight risk;

6. Order Respondents to show cause why contempt or further enforcement relief should not issue based on their failure to comply with this Court's April 29, 2026 Order;

7. Retain jurisdiction to ensure compliance with the Court's habeas judgment and any enforcement order; and

8. Grant any further relief the Court deems just and proper.

Dated: July 16, 2026                          Respectfully submitted,

                                              */s/ Mary M Nikolai*_____
                                              Mary M. Nikolai (0400354)
                                              GUSTAFSON GLUEK PLLC
                                              Canadian Pacific Plaza
                                              120 South Sixth Street, Suite 2600
                                              Minneapolis, MN 55402
                                              Tel: (612) 333-8844
                                              Fax: (612) 339-6622
                                              mnikolai@gustafsongluek.com